IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br>One Liberty Plaza<br>165 Broadway, 32nd Floor<br>New York, NY 10006<br><br>Plaintiff,<br><br>vs.<br><br>PREMIUM TRANSPORTATION STAFFING, INC.<br>190 Highland Drive<br>Medina, OH 44256<br><br>and<br><br>TODD T. PACKARD<br>10114 Franchester Road<br>Lodi, OH 44254<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Zurich American Insurance Company ("Zurich") hereby files its Complaint against Defendants Premium Transportation Staffing, Inc. ("Premium") and Todd T. Packard ("Packard") (collectively, the "Defendants") and states as follows.

## INTRODUCTION

1. Through this Complaint, Zurich asserts fraudulent transfer claims against Premium and its sole shareholder, Packard, under the Ohio Uniform Fraudulent Transfer Act. Premium currently owes Zurich more than $8 million for its insurance obligations, and Zurich has initiated a pending arbitration against Premium to recover the amounts due. Instead of paying these amounts to Zurich, Premium has drained its corporate assets by making shareholder

distributions to Packard that exceed $2.3 million. As a result of the transfers, Premium is now insolvent and unable to pay Zurich the amounts due.

2. These transfers violate Sections 1336.04 and 1336.05 of the Ohio Uniform Fraudulent Transfer Act, and should therefore be attached and set aside to satisfy the unpaid debts to Zurich.

## PARTIES

3. Plaintiff Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in Ohio.

4. Defendant Premium is an Ohio corporation with its principal place of business at 190 Highland Drive, Medina, Ohio 44256.

5. Upon information and belief, Defendant Packard is an Ohio resident who maintains his true, fixed and permanent home at 10114 Franchester Road, Lodi, Ohio 44254.

6. Upon information and belief, Packard is the sole owner of Premium.

7. Upon information and belief, Packard intends to remain in Ohio indefinitely. Among other reasons, upon information and belief, Packard has lived and worked in Ohio since at least 1996. Zurich is not aware of any secondary, temporary or permanent residences of Packard in any other state.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because it is a controversy between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants reside in Ohio in this Judicial District.

**BACKGROUND FACTS**

10. Premium is a staffing company in the transportation industry. At its height, Premium had annual payroll of more than $127 million and employees and operations in multiple states.

**Pending Arbitration For Outstanding Premium**

11. Zurich provided workers compensation insurance to Premium for two policy years spanning from May 1, 2014 to February 1, 2016.

12. For both years, the parties agreed to a retrospectively-rated insurance program, through which Premium agreed to assume responsibility for a portion of its insurance risk. In a retrospectively-rated program, the amounts due for the insurance continue to develop after the policy expiration date, based on how the losses for the workers compensation claims develop over time.

13. Premium agreed to pay two types of premium to Zurich in order to satisfy its contractual obligations: (1) initial deposit premium, and (2) retrospective premium. Premium agreed to pay deposit premium up front in order to fund its obligations under the insurance program, and Premium also agreed to pay retrospective premium calculated pursuant to a

formula agreed to by the parties that takes into account the initial premium paid, along with subsequent losses, taxes, and other factors.

14. Generally, the parties agreed that Zurich would pay the workers compensation claims asserted against Premium in the first instance. Premium would then reimburse Zurich for the losses and expenses paid out by Zurich within Premium's $500,000 per claim loss limit.

15. Zurich has fully complied with its obligations under the insurance program. Specifically, Zurich has paid the claims, performed the adjustments per the formulas and invoiced Premium for the amounts due.

16. Without excuse or justification, Premium has failed to pay premium invoices exceeding $8,030,555 with respect to the insurance program. Zurich has demanded payment of these invoices from Premium, and Premium refused to pay them.

17. Zurich and Premium entered into Incurred Loss Retrospective Agreements agreeing to arbitrate their disputes surrounding the unpaid premiums. Accordingly, on May 27, 2016, Zurich initiated an arbitration against Premium to recover the amounts due, which arbitration is currently pending before the American Arbitration Association, Case No. 01-16-0002-0855.

18. Through the arbitration, Zurich is seeking to recover the unpaid invoices totaling $8,030,555. Zurich is also seeking damages in the arbitration based on Premium's failure to report its workers compensation claims to Zurich.

19. On November 7, 2016, the arbitrators entered an interim award requiring Premium to post a letter of credit in the amount of $2,414,521 as pre-hearing security no later than November 30, 2016. To date, Premium has not complied with the arbitrators' award, even in part.

20. On February 26, 2017, the arbitrators entered an interim award granting summary judgment in part and requiring Premium to pay Zurich $669,521 for the premium invoices. The remaining unpaid invoices will be addressed at the final hearing scheduled to begin on March 27, 2017.

**The Illinois Action**

21. On November 11, 2016, Zurich filed a Petition To Confirm Arbitration Award with the United States District Court for the Northern District of Illinois, Case No. 1:16-cv-10545 (the "Illinois Action").

22. On November 30, 2016, Zurich filed a Motion To Confirm Arbitration Award in the Illinois Action, which seeks to confirm the arbitrators' $2,414,521.00 pre-hearing security award. The court has not yet issued its ruling on that motion.

**The Fraudulent Transfers To Premium's Owner**

23. For this case, Zurich asserts fraudulent transfer claims against Premium and Packard that are not arbitrable.

24. Premium contends that it no longer has funds remaining to satisfy the debt to Zurich.

25. Upon information and belief, Premium transferred millions of dollars to its owner, Packard, as shareholder distributions. Specifically, upon information and belief, Premium made shareholder distributions to Packard of $1,432,368 in 2014, and $963,007 in 2015.

26. On information and belief, Packard did not provide any reasonably equivalent value to Premium in exchange for the shareholder distributions that Premium transferred to Packard.

27. On information and belief, these shareholder distributions improperly drained Premium's corporate funds, without retaining sufficient amounts to satisfy the expected and on-going obligations to Zurich.

28. On information and belief, as a result of these shareholder distributions, Premium is now insolvent and unable to pay its more than $8 million of contractual obligations to Zurich.

## COUNT I – VIOLATION OF OHIO UNIFORM FRAUDULENT TRANSFER ACT SECTION 1336.04(A)(1)

29. Zurich repeats and realleges the allegations of paragraphs 1 through 28 above, as if fully set forth herein.

30. This is a fraudulent transfer claim brought under Section 1336.04(A)(1) of the Ohio Uniform Fraudulent Transfer Act against Defendants Premium and Packard.

31. Upon information and belief, Premium transferred money to its owner, Defendant Packard, in 2014 and 2015, through shareholder distributions.

32. Upon information and belief, Premium made one or more of these transfers with the actual intent to hinder, delay, or defraud a creditor, as evidenced by some or all of the following factors, among others:

   a. The transfers were made to an insider;
   b. The transfers were a substantial part of the assets remaining at Premium;
   c. The transfers left Premium unable to satisfy any of its current and/or anticipated debts to Zurich;
   d. Premium received no value in exchange for these transfers; and/or
   e. The transfers occurred shortly before or shortly after a substantial debt was incurred.

33. WHEREFORE, Zurich prays for judgment in its favor and against Defendants as follows:

   a. Voiding the transfers from Premium to Packard described herein to the extent necessary to satisfy Premium's debts to Zurich;

   b. Authorizing Zurich to immediately attach the funds transferred from Premium to Packard, as described herein, to the extent necessary to satisfy Premium's debts to Zurich;

   c. Authorizing Zurich to immediately execute upon the funds transferred from Premium to Packard, as described herein, to the extent necessary to satisfy Premium's debts to Zurich;

   d. Enjoining future transfer of funds by Premium to Packard or to other third parties in the absence of adequate consideration until Zurich has been compensated for the losses it has suffered; and

   e. Awarding Zurich such other and further relief as this Court deems just and proper under the circumstances.

**COUNT II – VIOLATION OF OHIO UNIFORM FRAUDULENT TRANSFER ACT SECTION 1336.04(A)(2)**

34. Zurich repeats and realleges the allegations of paragraphs 1 through 33 above, as if fully set forth herein.

35. This is a fraudulent transfer claim brought under Section 1336.04(A)(2) of the Ohio Uniform Fraudulent Transfer Act against Defendants Premium and Packard.

36. Upon information and belief, Premium transferred money to its owner, Defendant Packard, in 2014 and 2015, through shareholder distributions.

37. Premium received no reasonably equivalent value in exchange for these transfers.

38. Upon information and belief, at the time of one or both of the transfers, Premium intended to incur, or believed or reasonably should have believed, that Premium would incur debts to Zurich beyond Premium's ability to pay them as they became due.

39. WHEREFORE, Zurich prays for judgment in its favor and against Defendants as follows:

    a. Voiding the transfers from Premium to Packard described herein to the extent necessary to satisfy Premium's debts to Zurich;

    b. Authorizing Zurich to immediately attach the funds transferred from Premium to Packard, as described herein, to the extent necessary to satisfy Premium's debts to Zurich;

    c. Authorizing Zurich to immediately execute upon the funds transferred from Premium to Packard, as described herein, to the extent necessary to satisfy Premium's debts to Zurich;

    d. Enjoining future transfer of funds by Premium to Packard or to other third parties in the absence of adequate consideration until Zurich has been compensated for the losses it has suffered; and

    e. Awarding Zurich such other and further relief as this Court deems just and proper under the circumstances.

**COUNT III – VIOLATION OF OHIO UNIFORM FRAUDULENT TRANSFER ACT SECTION 1336.05(A)**

40. Zurich repeats and realleges the allegations of paragraphs 1 through 39 above, as if fully set forth herein.

41. This is a fraudulent transfer claim brought under Section 1336.05(A) of the Ohio Uniform Fraudulent Transfer Act against Defendants Premium and Packard.

42. Upon information and belief, Premium transferred money to its owner, Defendant Packard, in 2014 and 2015, through shareholder distributions.

43. Premium received no reasonably equivalent value in exchange for these transfers.

44. Upon information and belief, one or more of the transfers occurred after Premium incurred obligations to Zurich under one or more of the policy terms spanning from May 1, 2014 to February 1, 2016.

45. Upon information and belief, Premium was insolvent at the time of the transfers or became insolvent as a result of the transfer or obligation.

46. WHEREFORE, Zurich prays for judgment in its favor and against Defendants as follows:

    a. Voiding the transfers from Premium to Packard described herein to the extent necessary to satisfy Premium's debts to Zurich;

    b. Authorizing Zurich to immediately attach the funds transferred from Premium to Packard, as described herein, to the extent necessary to satisfy Premium's debts to Zurich;

    c. Authorizing Zurich to immediately execute upon the funds transferred from Premium to Packard, as described herein, to the extent necessary to satisfy Premium's debts to Zurich;

    d. Enjoining future transfer of funds by Premium to Packard or to other third parties in the absence of adequate consideration until Zurich has been compensated for the losses it has suffered; and

    e. Awarding Zurich such other and further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Zurich hereby demands trial by jury on all issues so triable.

Dated:  March 17, 2017  Respectfully submitted,

ZURICH AMERICAN INSURANCE COMPANY

By: /s/*Orville L. Reed, III*

Orville L. Reed, III
OReed@stark-knoll.com
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Road
Akron, OH 44333
Phone:  330.376.3300
Fax:       330.572.0329

Steven T. Whitmer (*pro hac vice* to be filed)
swhitmer@lockelord.com
Lauren N. Falk (*pro hac vice* to be filed)
lauren.falk@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  312.443.1869
Fax:       312.896.6569

99999.001-669145v1